ARCOLINE STICCO v. SOPHIE P. STICCO

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 73505

Memorandum filed December 15, 1950

*Samuel H. D'Ambruoso,* of Derby, for the Plaintiff.

*Edward J. Donahue,* of Shelton, for the Defendant.

ALCORN, J. The complaint as amended seeks a divorce on the ground of intolerable cruelty, or an annulment on the ground that the defendant was mentally incapable of consenting to the marriage contract.

The parties were married in Port Jervis, New York, on November 30, 1947, and shortly thereafter came to live with the plaintiff's parents in Derby, Connecticut, where the plaintiff had always lived. There the defendant displayed nervous symptoms and was finally seen by a doctor on January 23, 1948, and February 20, 1948. The doctor found her to be in a severe anxiety state. The prognosis on the first visit was doubtful because of (among other things) "her rather undependable husband, and the poor home circumstances in which she finds herself." On the second visit, the doctor recommended that she visit her parents, "mostly because of the marked antagonism which the husband and his family have toward the patient's condition." Thereupon, the plaintiff took the defendant home to her parents and she has been there since. He stayed there with her for six months and then came back to Derby.

The claims of intolerable cruelty are not established. They involve conduct attributable to the defendant's nervous condition or arising from the plaintiff's own conduct.

Whether the marriage is to be annulled must depend upon the law of New York, where the ceremony was performed. *Davis* v. *Davis,* 119 Conn. 194, 198. In that state, a marriage is void from the time its nullity is declared by a court of competent jurisdiction if either party thereto is incapable of consenting to a marriage for want of understanding. N. Y. Domestic Relations Law, Art. 2, § 7. This requires proof that the incapability existed at the very time of the marriage. *DeNardo* v. *DeNardo,* 293 N. Y. 550, 553; *Weinberg* v. *Weinberg,* 255 App. Div. 366. "There is a presumption, not only of sanity, but in favor of the validity of a marriage celebrated in due form which, in the interests of society, should prevail, . . . unless it is overcome by proof, clear and satisfactory, which stands the test of the most careful scrutiny." *Meekins* v. *Kinsella,* 152 App. Div. 32, 37; see also *Davis* v. *Davis,* supra, 203; *McGurk* v. *McGurk,* 5 Conn. Sup. 404.

The plaintiff had been divorced in 1947. The defendant was single. The plaintiff and the defendant went together for several months before the ceremony. Because the plaintiff had been divorced, a church wedding was impossible and so the parties were married by a magistrate. The defendant was regularly employed but nevertheless was active in planning for the wedding and sent the invitations. Relatives and friends of both bride and groom attended the ceremony, and a reception for some fifty guests followed at the bride's parents. Witnesses who were present described it as a happy and pleasant occasion for all concerned. The defendant responded to her part in the marriage service and appeared perfectly normal and happy. Following the marriage the parties cohabited until their separation.

The evidence falls far short of establishing that the defendant was incapable of consenting to the marriage for want of understanding.

Enter a decree denying both a divorce and an annulment.